COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.
SUPERIOR COURT
CIVIL ACTION
NO. 18-3199

COMMONWEALTH OF MASSACHUSETTS

vs.

STARION ENERGY, INC; STARTEL DM, LLC; TELELINK, LLC; TELESTARS LLC; FEZ LLC, D/B/A SHORETEK; RUZHDI DAUTI and DASHMIR MURTISHI, **Defendants**

and

MASSACHUSETTS ELECTRIC COMPANY, D/B/A NATIONAL GRID, and NSTAR ELECTRIC COMPANY, D/B/A EVERSOURCE ENERGY, Trustee Defendants

## MEMORANDUM OF DECISION ON COMMONWEALTH'S MOTIONS FOR ATTACHMENT ON TRUSTEE PROCESS AND FOR PRELIMINARY INJUNCTION

The Commonwealth of Massachusetts, through the Attorney General, alleges in this action that the defendants, acting in concert, committed violations of the Consumer Protection Law, G.L. c. 93A, §§2 and 4 (Count I), that Starion breached the covenant of good faith and fair dealing (Count II), and that Starion, Startel, Telelink, Telestars, Shoretek and Murtishi committed violations of the Massachusetts Telemarketing Solicitation Act, G.L. c. 159C (Count III), in connection with the marketing and sale of electricity to Massachusetts consumers.

Along with the lawsuit, the Commonwealth filed, pursuant to Rule 4.2(c), Mass. R. Civ. P., an emergency motion for attachment on trustee process of assets of defendant Starion held by trustee defendants National Grid and Eversource, and, pursuant to Rule 65(b), Mass. R. Civ. P., an emergency motion for a preliminary injunction seeking to secure credits held by the trustee defendants that will in the future become due to Starion, all to secure a total of $30.6 million the Commonwealth contends will be owed by Starion.

1

On October 24, 2018, the Court held a hearing in this matter and received extensive filings submitted by Starion opposing the Commonwealth's motions. As part of its opposition, Starion suggested that in lieu of the relief sought by the Commonwealth, the Court should order the relief Starion offered the Commonwealth before suit was filed: that Starion not bill Massachusetts customer's directly and continue to bill through National Grid and Eversource; that Starion will not cancel any contracts with Massachusetts customers, and that Starion will not sell, assign or otherwise transfer its Massachusetts customers to another entity.

To obtain an attachment on trustee process, the Commonwealth must demonstrate (1) a reasonable likelihood of success on the merits, and (2) a reasonable likelihood of recovering judgment equal to or greater than the amount of the attachment, over and above any liability insurance shown by the defendants to be available to satisfy the judgment. Mass. R. Civ. P. 4.1(c). To obtain a preliminary injunction, the Commonwealth must demonstrate a likelihood of showing a statutory violation and that the requested injunction promotes, or will not adversely affect, the public. <u>Commonwealth v. Mass CRINC</u>, 392 Mass. 79, 89-90 (1984); Mass. R, Civ. P. 65(b).

As the Court expressed at the hearing, the parties have through this days-old litigation exchanged extensive filings outlining their positions. Similarly, the Court's understanding of the matter is limited. At this very early stage, the Court <u>preliminarily</u> concludes that the Commonwealth has met the standards for both trustee process and an injunction, but emphasizes this conclusion is preliminary, as will be the relief based upon it. The Court thus grants the motions, but only until November 5, 2018. The Court has scheduled a further hearing in this matter on November 5, 2018 at 2 PM, at which time it will review its orders. At that hearing, the Court expects to receive from both parties any further support for their positions and their

meaningful responses to their opponent's allegations. In this regard, the Commonwealth asked the Court to order Starion to produce its tax returns to demonstrate the financial impact on Starion of the relief the Commonwealth seeks. The Court declines to order that Starion make such production, but notes that it will take into account the depth and quality of any financial evidence that Starion elects to produce.

### ORDER

Pursuant to Rules 4.2(c) and 65(b), this Court **ORDERS**:

(1) that beginning as soon as possible, the trustee defendants National Grid and Eversource shall maintain in their possession all assets that are or will become due to Starion and not distribute those assets to Starion or anyone acting on its behalf; and that, on or before November 5, 2018, the trustee defendants shall provide evidence to this Court as to the amount of such assets then held by them;

(2) that defendant Starion shall (a) not bill Massachusetts customers directly and shall continue to bill such Massachusetts customers through National Grid and Eversource; (b) not cancel any contracts with Massachusetts customers, unless in the ordinary course of business; and (c) not sell, assign or otherwise transfer its Massachusetts customers.

This order shall remain in effect until November 5, 2018 at 5 PM or until further order of this Court.

**SO ORDERED.**

*/s/ MDRicciuti*
MICHAEL D. RICCIUTI
Justice of the Superior Court

Dated: October 24, 2018

3