## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| _____ | ) | |
| | ) | Chapter 11 |
| In re: | ) | |
| | ) | Case No. 18-12608 (MFW) |
| STARION ENERGY, INC., et al., [1] | ) | (Jointly Administered) |
| | ) | |
| Debtors. | ) | |
| _____ | ) | |
| | ) | |
| STARION ENERGY, INC., et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Adv. Case No. 18-50932 (MFW) |
| THE COMMONWEALTH OF | ) | |
| MASSACHUSETTS, MASSACHUSETTS | ) | |
| ELECTRIC COMPANY D/B/A/ | ) | |
| NATIONAL GRID, and | ) | |
| NSTAR ELECTRIC COMPANY | ) | |
| D/B/A EVERSOURCE ENERGY | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THE COMMONWEALTH OF MASSACHUSETTS' MEMORANDUM IN SUPPORT OF
ITS MOTION TO DISMISS (A) COUNTS I, II, III AND V OF DEBTORS' ADVERSARY
COMPLAINT AND (B) COUNTS IV, VI, VII, AND VIII AS TO STARION
ENERGY NY INC. AND STARION ENERGY PA INC.**

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Starion Energy, Inc. (0943); Starion Energy NY Inc. (4319); Starion Energy PA Inc. (1201). The Debtors' corporate headquarters is located at, and the mailing address for each of the Debtors is: 751 Straits Turnpike, Suite 2000, Middlebury CT 06762, Attn: Alexandrea Isaac, Esq.

## **TABLE OF CONTENTS**

TABLE OF CONTENTS……………………………………………………..…………..ii

TABLE OF AUTHORITIES ……………………………………………………..…...iii

BACKGROUND AND PROCEDURAL HISTORY ………………………..…………...1

ARGUMENT…………………………………………………………………………...4

   A.  Overview………………………………………………………………………4

   B.  The Court Should Dismiss Counts I and II of the First Amended Complaint Under the Law of the Case Doctrine Because the Court Has Previously Ruled that the Automatic Stay Does Not Apply to the Massachusetts Action …………………………………………...5

     1.  Count I – Violation of the Automatic Stay ……………………….……………..…..6
     2.  Count II – Injunctive Relief Under Section 105(a) ……………………………....7

   C.  This Court Should Dismiss Count III Because Starion Fails to Allege an Undisputed Right to Possess or Use the Held Funds ……………………………………………………....9

   D.  This Court Should Dismiss Count V Because Starion Does Not Allege That the Transfer in Question Was Made by a Debtor ……………………………...………………………..12

   E.  This Court Should Dismiss Plaintiffs Starion Energy NY Inc.'s and Starion Energy PA Inc.'s Claims Because They Are Not Parties to the Massachusetts Action and Not Have Had Any Interest in Property Attached Due to the Massachusetts Action………………..14

CONCLUSION …………………………………………………………………………15

**TABLE OF AUTHORITIES**

**Cases**                                                                                                          **Page(s)**

*ACLU v. Mukasey*, 534 F.3d 181 (3d Cir. 2008) ……………………………………..…….…… 5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) …………………………….…………………....………5

*Arizona v. California*, 460 U.S. 605 (1983) ……………………………………………………5

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) ………................................................ 5

*Casey v. Planned Parenthood of Se. Pa.*, 14 F.3d 848 (3d Cir. 1994) ……………….……………..6

*Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800 (1988) ………………….…...…..5, 8

*Christopher v. Harbury*, 536 U.S. 403 (2002) ………….…………………………….............5

*Commonwealth v. Brown*, 373 F.2d 771 (3d Cir. 1967) ……………………………………..…11

*Crystallex Int'l Corp. v. Petroleos De Venezuela, S.A.*, 879 F.3d 79, 84 (3d Cir. 2018)..12, 13, 14

*DiNicola v. DiPaolo*, 945 F. Supp. 848 (W.D. Pa. 1996) ………………………….…………11

*Erickson v. Pardus*, 551 U.S. 89 (2007) ………………………………………………...........5

*Gerardi v. Pelullo*, 16 F.3d 1363 (3d Cir. 1994) ……………………………………….……..9

*Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015 (5th Cir. 1996) ……………………………11

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) ………………………………………...…15

*In re Am. Bus. Fin. Servs., Inc.*, 361 B.R. 747 (Bankr. D. Del. 2007) ………………................10

*In re Am. Film Tech., Inc.*, 175 B.R. 847 (Bankr. D. Del. 1994) ………......................................9

*In re BMT-NW Acquisition, LLC*, 582 B.R. 846 (Bankr. D. Del. 2018) …………………….……9

*In re Conex Holdings, LLC*, 518 B.R. 792 (Bankr. D. Del. 2014) ………………………….……9

*In re Creative Data Forms, Inc.,* 41 B.R. 334 (Bankr. E.D. Pa. 1984),
*aff'd sub nom. Creative Data Forms, Inc. v. Pennsylvania Minority Bus. Dev. Auth.,*
72 B.R. 619 (E.D. Pa. 1985), *aff'd*, 800 F.2d 1132 (3d Cir. 1986) ….....…………………….…10

*In re Harlan*, 580 B.R. 249 (Bankr. S.D. Ind. 2017) ………………………………....………10

*In re Healthco Int'l. Inc.*, 201 B.R. 19 (Bankr. D. Mass. 1996) …………………………...……13

*In re Levitz Furniture Inc.*, 267 B.R. 516 (Bankr. D. Del. 2000) …………………………...……9

*In re Plassein Int'l Corp.*, 366 B.R. 318 (Bankr. D. Del. 2007),
*aff'd*, 388 B.R. 46 (D. Del. 2008), *aff'd*, 590 F.3d 252 (3d Cir. 2009) ………..………..…13, 14

*In re RNI Wind Down Corp.*, 2008 WL 4326483 (D. Del. 2008) ……………………..……15

*In re Soto*, 221 B.R. 343 (Bankr. E.D. Pa. 1998) ……………………………………………11, 14

*In re Student Fin. Corp*, 335 B.R. 539 (D. Del. 2005) ………………………………….…9, 10

*In re Trace Int'l Holdings, Inc. v. Dow Chemical Co.*, 287 B.R. 98 (Bankr. S.D.N.Y. 2002) .…12

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994) …………..……...6

*Pub. Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc.*,
123 F.3d 111 (3d Cir. 1997) ……………………………………………………...…5-6, 8

*Rotkiske v. Klemm*, 890 F.2d 422 (3d Cir. 2018) ……………………………………………6

*Tellabs, Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308 (2007) ……………………..……14

*United States v. Wood*, 925 F.2d 1580 (7th Cir. 1991) ………………………………………11

*U.S. ex rel. Geisler v. Walters*, 510 F.2d 887 (3d Cir. 1975) ……………………………………11

**Statutes – Bankruptcy Code**

11 U.S.C. § 362       …………………………………………………………….… 7

11 U.S.C. § 542(a) ……………………………………………..…………………..…9

11 U.S.C. § 548……………………………………………………………………12

**Statutes – Delaware Code**

6 Del. C. §§ 1302–1306 ……………………………………………………...…12

**Statutes – Massachusetts General Laws**

G.L. c. 93A, § 4 ……………………………………………………………………11

**Rules of Civil Procedure**

Fed. R. Bankr. P. 7012 …………………………………………………………………………4–5

Fed. R. Civ. P. 8(a) …………………………………………………………………………..5

The Commonwealth of Massachusetts (the "Commonwealth"), by and through its Attorney General, Maura Healey (the "Attorney General"), hereby files its memorandum in support of its motion to dismiss with prejudice certain counts in and parties to the above-captioned adversary complaint filed by Starion Energy, Inc. ("Starion Inc."), Starion Energy NY Inc., and Starion Energy PA Inc. (collectively, "Starion") [ 18-50932-MFW, Dkt. No. 17 ]. Specifically, the Commonwealth seeks dismissal of Counts I, II, III, and V in their entirety and the remaining four counts—IV, VI, VII, and VIII—as to Starion NY Inc. and Starion PA Inc.

Counts I and II are barred under the law of the case doctrine and Starion has not alleged facts sufficient to state a claim for an exception to the law of the case doctrine. This Court should dismiss Count III because Starion has failed to allege that Starion has an undisputed claim to the funds put at issue by its adversary complaint. This Court should dismiss Count V because Starion has failed to allege an essential element of a fraudulent transfer claim—namely, that the transfer in question was made by a debtor. This Court should also dismiss the claims brought in Starion's adversary complaint by Starion Energy NY Inc. and Starion Energy PA Inc. in their entirety because the Commonwealth has neither sued those two entities nor attached any funds otherwise due and owing to them. Starion Energy NY Inc. and Starion Energy PA Inc. therefore cannot state a claim for relief and lack standing to join as plaintiffs in this adversary proceeding.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On October 15, 2018, prior to the filing of Starion's chapter 11 petition, the Attorney General filed a civil action in Massachusetts Superior Court (the "Superior Court") against Starion Inc. and certain related parties not involved here. *Commonwealth v. Starion Energy, Inc., et al.*, No. 183199-H (Super. Ct. filed Oct. 15, 2018) (the "Massachusetts Action").

- 1 -

Complaint [ 18-12608-MFW, Dkt. No. 20-1 ].  The Commonwealth did not name debtors Starion

Energy NY Inc. or Starion Energy PA Inc. in its complaint.  *Id.*

        Contemporaneously with filing the complaint, the Commonwealth also sought attachment

of certain accounts receivable in Massachusetts—namely current credits due Starion Inc. and

already in the possession of electric distribution companies National Grid and Eversource, and

future credits expected to come into their possession.  First Amended Complaint, at ¶ 20 [ 18-

50932-MFW, Dkt No. 17 ].  The presiding judge, the Honorable Michael D. Ricciuti, granted the

Commonwealth's request in part and ordered the attachment of certain funds that would have

otherwise been paid to Starion.  Memorandum of Decision on Commonwealth's Motions for

Attachment on Trustee Process and for Preliminary Injunction [ 18-12608-MF2, Dkt No. 20-2 ].

        Starion filed its petition for Chapter 11 bankruptcy with this Court on the evening of

November 14, 2018.  With its petition, it also commenced an adversary proceeding against the

Commonwealth and two electric distribution companies—Massachusetts Electric Company d/b/a

National Grid and NSTAR Electric Company d/b/a Eversource Energy (the "Distribution

Companies").  *See* Complaint [ 18-50932-MFW, Dkt. No. 1 ].  Starion's adversary complaint

asserted three counts: Count I sought damages and injunctive relief for violation of the automatic

stay, Count II sought injunctive relief under section 105(a) of the Bankruptcy Code, and Count

III sought injunctive relief under Section 542(a) of the Bankruptcy Code.  *Id.*  Through its

adversary proceeding, Starion sought, *inter alia*, the recovery of the funds attached by the

Superior Court's order (the "Held Funds") and an order enjoining the further attachment of

funds.  *Id.*

        On November 15, 2018, the Commonwealth filed its Motion to Confirm Termination or

Absence of Stay ("Motion for Determination").  By its Motion, the Commonwealth sought a

determination from this Court that the police and regulatory power exception to the automatic

stay applied to the Massachusetts Action.  Motion for Determination [ 18-12608-MFW, Dkt. No.

20 ].

On November 16, 2018, the Court held a hearing on Starion's motion for temporary

restraining order and the Commonwealth's Motion for Determination.  In an order entered on

November 20, 2018, the Court ordered the Distribution Companies to continue to hold the Held

Funds.  *See* Order Granting Plaintiffs' Motion for Temporary Restraining Order (the "TRO

Order"), at ¶ 1 [ 18-50932-MFW, Dkt. No. 7 ].  Per the TRO Order, the Held Funds were in an

amount of approximately $4 million.  *Id.* at ¶ 2.  The TRO Order further held that the "State

Court Case may temporarily proceed pursuant to 28 U.S.C. § 362(b)(4) [sic] . . . but that any

effort to attach property, other than Held Funds of the Debtors' estate, is stayed."  *Id.* at ¶ 3.  The

TRO Order also provided that the Court would hold a further hearing on December 17, 2018, to

consider the entry of a preliminary injunction in connection with Starion's request for a

preliminary injunction.

On December 17, 2018, the Court held the scheduled hearing on Starion's motion for a

preliminary injunction and also heard further argument on the Motion for Determination.  The

Court granted the Motion for Determination from the bench at the hearing.  "A point on the

automatic stay, I think that the Mass. action in general is exempt from the automatic stay under

the police powers exception and I'll just note for the record that I was counsel in the *Nicolet* case

so I have some familiarity with that and might've disagreed with the ruling but am bound by it

and I think that the decision that not only environmental but also consumer protection laws are

actions exempt from the automatic stay under the police power exception is binding in this case."
Audio Recording of December 17, 2018 Hearing [ 18-12608-MFW, Dkt. No. 87 ].[2]

Following the Court's grant of the Motion for Determination from the bench, on January
9, 2019, Starion filed the First Amended Complaint.  First Amended Complaint [ Dkt No. 17 ].
The first three counts of Starion's First Amended Complaint are identical (or, at minimum,
substantially similar) to the three counts in Starion's original complaint.  *Id.*  Namely, Count I
seeks damages and injunctive relief for violation of the automatic stay, Count II seeks injunctive
relief under section 105(a) of the Bankruptcy Code, and Count III seeks injunctive relief under
Section 542(a) of the Bankruptcy Code.  *Id.*  Starion's First Amended Complaint also included
five counts that were not included in Starion's original complaint.  Of particular relevance here,
Count V of the First Amended Complaint seeks to avoid a "fraudulent transfer under section 548
of the bankruptcy code."  *Id.*, at ¶¶ 67–72.

The Commonwealth now moves to dismiss Counts I, II, III, and V of Starion's First
Amended Complaint and to dismiss the claims of Starion Energy NY Inc. and Starion Energy PA
Inc. from the First Amended Complaint in their entirety.

## II.    ARGUMENT

### A.    Overview

In reviewing a motion to dismiss, the court must accept all factual allegations in a
complaint as true and take them in the light most favorable to plaintiff.  *See* Fed. R. Bankr. P.

---

[2] Although the Commonwealth uploaded a certification of counsel with an order that would
codify the Court's ruling from the bench to the ECF system on December 21, 2018 [ 18-50932-
MFW, Dkt No. 14 ], the Commonwealth did not separately upload the proposed order for
electronic signature.  On January 11, 2019, shortly after the Commonwealth uploaded the
proposed order, the Court signed the form of order previously agreed to by the parties.  Order on
Motion to Confirm Termination or Absence of Stay [ 18-50932, Dkt. 106 ].

7012; *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002).  A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted) (interpreting Fed.R.Civ.P. 8(a)).  A complaint does not need detailed factual allegations; however, "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.*, at 545 (alteration in original) (citation omitted).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true."  *Id.*  Furthermore, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Such a determination is a context-specific task requiring the court "to draw on its judicial experience and common sense."  *Id.*

      **B.**      **The Court Should Dismiss Counts I and II of the First Amended Complaint Under the Law of the Case Doctrine Because the Court Has Previously Ruled that the Automatic Stay Does Not Apply to the Massachusetts Action.**

      This Court should dismiss Counts I and II of the First Amended Complaint under the law of the case doctrine.  The law of the case doctrine "posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16 (1988), *quoting Arizona v. California*, 460 U.S. 605, 618 (1983); *see also ACLU v. Mukasey*, 534 F.3d 181, 187 (3d Cir. 2008).  "Law of the case rules have developed to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit."  *Pub.*

- 5 -

*Interest Research Group of N.J., Inc. v. Magnesium Elektron, Inc.*, 123 F.3d 111, 116 (3d

Cir.1997), *quoting* 18 Charles A. Wright, Arthur R. Miller & Edward Cooper, *Federal Practice*

*and Procedure* § 4478, at 788 (1981); *see also Casey v. Planned Parenthood of Se. Pa.*, 14 F.3d

848, 856 (3d Cir. 1994).

The law of the case doctrine does not restrict a court's power but rather governs its

exercise of discretion. *Public Interest Research Group*, 123 F.3d at 116. Accordingly, the

federal courts have recognized that the doctrine does not preclude reconsideration of previously

decided issues in extraordinary circumstances such as where: (1) new evidence is available; (2) a

supervening new law has been announced; or (3) the earlier decision was clearly erroneous and

would create manifest injustice. *Id.*, at 116–17.

As described in the paragraphs below, Counts I and II of the complaint are barred by

prior decisions of this Court under the law of the case doctrine.[3]  Moreover, Starion has not

pleaded facts that suffice to state a claim for an exception to the law of the case doctrine.

### 1. *Count I – Violation of the Automatic Stay*

First, the doctrine of the law of the case bars Count I because the Court has ruled that the

automatic stay does not apply to the Massachusetts Action. Count I alleges that the

Commonwealth and the Distribution Companies violated 11 U.S.C. § 362(a)—the automatic stay

provision—through pursuit of the Massachusetts Action, including but not limited to the

Commonwealth's pre-petition motion for attachment of certain purchase of receivables credits

---

[3] This Court may take judicial notice of its own orders without converting the instant motion to
dismiss into a motion for summary judgment.  A court may consider the pleadings, public record,
orders, exhibits attached to the complaint, and documents incorporated into the complaint by
reference. *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384–85 n.2 (3d Cir.
1994), *abrogated on other grounds by Rotkiske v. Klemm*, 890 F.2d 422, 427–28 (3d Cir. 2018),
*citing* 5A Wright & Miller, Federal Practice and Procedure: Civil 2d, § 1357.

that would have otherwise been paid to Starion.  First Amended Complaint, at ¶¶ 40–44.

However, the Court granted the Commonwealth's Motion for Determination from the bench on

December 17, 2018, ruling that 11 U.S.C. § 362(b)(4)—the police and regulatory power

exemption to the automatic stay—applied to the Commonwealth's prosecution of the

Massachusetts Action.  By the time Starion filed its amended complaint on January 9, 2019,

Starion's claims regarding the violation of the automatic stay had already been resolved against

Starion.  *See* Audio Recording of December 17, 2018 Hearing [ 18-12608-MFW, Dkt. No. 87 ].

Count I is therefore barred under the law of the case doctrine.

Starion also does not allege any facts that would support an exception to the law of the

case doctrine.  Starion alleges no new evidence that would suggest revisiting the Court's decision

on the Commonwealth's Motion for Determination.  *See* First Amended Complaint, at ¶¶ 40–44.

Starion does not allege any change in law that would affect the Court's decision.  *See id.*  Nor

could it—Congress has not amended 11 U.S.C. 362 since the Court's decision on December 17,

2018.  *See* 11 U.S.C. § 362.  Nor does Starion allege that the Court's decision was clearly

erroneous or would create manifest injustice.  *See* First Amended Complaint, at ¶¶ 40–44.

Rather, as stated by the Court on the record, the Court was bound by previous precedent in the

Third Circuit concerning the scope of the regulatory and police power exception to the automatic

stay.  *See* Audio Recording of December 17, 2018 Hearing [ 18-12608-MFW, Dkt. No. 87 ].

Notably, Starion failed to appeal or request reconsideration of the Court's decision once entered.

Accordingly, because Starion has failed to allege facts that would suffice to create an exception

to the law of the case doctrine, Count I fails to state a claim for which relief can be granted and

this Court should dismiss it.

## 2. *Count II – Injunctive Relief Under Section 105(a)*

The Court should similarly dismiss Count II under the law of the case doctrine. Although not the model of clarity, Count II appears to assert that the Court should enjoin the Defendants from withholding the Held Funds because withholding the Held Funds would violate the automatic stay. Specifically, Starion alleges that "the relief requested herein is necessary to protect Debtors' ability to efficiently and effectively administer the above captioned cases and to preserve the property of its estate." First Amended Complaint, ¶ 47. Moreover, Starion alleges that "the public interest will be served by promoting compliance with the congressional purpose of the automatic stay and furthering the Debtors' ability to administer the above captioned cases and to preserve its assets." *Id.*, at ¶ 50.

As discussed *supra*, when Starion filed its Amended Complaint, the question of whether Defendants violated the automatic stay had already been resolved against Starion, and therefore Count II is barred by the law of the case doctrine. *See, e.g.*, *Christianson*, 486 U.S. at 816. Moreover, Starion fails to allege any extraordinary circumstances that would state a claim for an exception to the law of the case doctrine. *Compare* First Amended Complaint at ¶¶ 45–51 *with Public Interest Research Group*, 123 F.3d at 116–17.

Moreover, if Count II is *not* based on a violation of the automatic stay, then it fails to allege any legal basis for its requested injunctive relief and therefore should be dismissed for failure to state a claim. Count II correctly recites that Section 105(a) authorizes the court to issue "any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title," but—if not the automatic stay—Count II does not allege what provisions of the bankruptcy code would entitle Starion to the relief that it seeks in Count II. To receive a preliminary injunction, Starion must show (1) a likelihood of success on the merits of the

underlying action; (2) that Starion will suffer irreparable harm absent injunctive relief; (3) that the injunction will not cause substantial harm to the Defendants; and (4) that public policy does not weigh against an injunction.  *See In re Levitz Furniture Inc.*, 267 B.R. 516, 520 (Bankr. D. Del. 2000) *citing to Gerardi v. Pelullo*, 16 F.3d 1363, 1373 (3d Cir. 1994); *In re Am. Film Tech., Inc.*, 175 B.R. 847, 849 (Bankr. D. Del. 1994).  Accordingly, if Count II is not based on a violation of the automatic stay, Starion has failed to allege any case on the merits for the injunctive relief it seeks.  Therefore, Count II fails to state a claim upon which relief can be granted and this Court should dismiss Count II.

C.    ***This Court Should Dismiss Count III Because Starion Fails to Allege an Undisputed Right to Possess or Use the Held Funds.***

Count III of the First Amended Complaint fails to state a claim because Starion does not allege that it has an undisputed right to possess or use the Held Funds.  In Count III, Starion seeks "immediate turnover" of the Held Funds under 11 U.S.C. § 542(a).  11 U.S.C. § 542(a) provides for the turnover of property of the estate to a debtor in bankruptcy.  *See* Section 542(a).  However, under that Section, "[a] properly pleaded complaint asserting a claim for turnover must allege an undisputed right to recover the claimed debt."  *In re Conex Holdings, LLC*, 518 B.R. 792, 801–02 (Bankr. D. Del. 2014) (granting motion to dismiss Section 542 action where plaintiff failed to allege title to the property was undisputed); *see also In re BMT-NW Acquisition, LLC*, 582 B.R. 846, 866 (Bankr. D. Del. 2018) (granting motion to dismiss Section 542 claim, finding "[t]urnover is not appropriate where there is a legitimate dispute over ownership of the property.").

"In order to state a claim for turnover of property under § 542, a plaintiff must allege that transfer of the property has already been avoided or that the property is otherwise undisputed property of the bankruptcy estate."  *In re Student Fin. Corp*, 335 B.R. 539, 554 (D. Del. 2005).

- 9 -

A debtor has standing to pursue a turnover claim under 11 U.S.C. § 542(a) where the debtor has "the right to possess and use the property sought to be turned over under § 542 as of the commencement of the case." *See In re Harlan*, 580 B.R. 249, 252–53 (Bankr. S.D. Ind. 2017); *see also In re Am. Bus. Fin. Servs., Inc.*, 361 B.R. 747, 761 (Bankr. D. Del. 2007) (rejecting Trustee's assertion of a right to turnover where the money at issue was "cash to which the Trustee cannot claim title, but rather must get a judgment to collect."). Where the debtor does not have the right to possess and use the property at the commencement of the case, "a turnover action cannot be a tool to acquire such rights." *In re Creative Data Forms, Inc.,* 41 B.R. 334, 336 (Bankr. E.D. Pa. 1984), *aff'd sub nom. Creative Data Forms, Inc. v. Pennsylvania Minority Bus. Dev. Auth*., 72 B.R. 619 (E.D. Pa. 1985), *aff'd*, 800 F.2d 1132 (3d Cir. 1986).

Starion fails to allege in its First Amended Complaint that the right to recover the Held Funds is undisputed. First Amended Complaint, at ¶¶ 52–55. On the contrary, the gravamen of the First Amended Complaint is that Starion did not have the legal right to use or possess the Held Funds before its bankruptcy petition because the Held Funds were attached by order of the Superior Court in the Massachusetts Action. *See id.*, at ¶¶ 19–23, 38. Moreover, the First Amended Complaint asserts a count for "Determination of Secured Status Under Section 506 of the Bankruptcy Code," further demonstrating that the parties' competing interests in the Held Funds are in dispute. *Id.*, at ¶¶ 82–88. Starion does not, and cannot, allege that it had a right to use or possess the Held Funds at the commencement of the case, and therefore Starion does not state a viable claim for turnover of the Held Funds pursuant to Section 542. *See In re Student Fin. Corp*, 335 B.R. at 554; *In re Creative Data Forms,* 41 B.R. at 336; *In re Harlan*, 580 B.R. at 252–53.

Indeed, the ownership of the Held Funds was very much put in dispute by the Commonwealth's complaint in the Massachusetts Action.[4]   Specifically, the Commonwealth alleges that Starion procured all of its Massachusetts variable rate customers through false representations and violations of the Commonwealth's telemarketing laws.  Massachusetts Action Complaint [ 18-12608, Dkt. No. 20-1 ].  The Commonwealth further alleges that Starion has, and continues to, profit from its wrongful acts by charging Massachusetts electric customers high rates and thus generating higher purchase of receivables payments for Starion.  *Id.*, at ¶¶ 166–72.  Starion may have been able to claim that the Held Funds were undisputed if they were funds generated by means that were not connected to the disputes at issue in the Massachusetts Action.  Here, however, at least a significant portion of the Held Funds consist of amounts that were the fruits of Starion's wrongful conduct in Massachusetts and can be recovered by the Commonwealth pursuant to M.G.L. c. 93A, § 4.  Specifically, in the context of a M.G.L. c. 93A, § 4 action, a Massachusetts court "may issue temporary restraining orders or preliminary injunction and make such other orders or judgment to restore . . . . any moneys or property, real or personal, which may have been acquired by means of such method, act, or practice."  M.G.L. c. 93A, § 4.  Because Starion's purchase of receivables payments were procured, as alleged by the Commonwealth, through unfair and deceptive means, the Commonwealth can seek an order restoring those purchase of receivables payments pursuant to state law in Massachusetts.  *See id.*

---

[4] This Court may take judicial notice of pleadings filed in the Massachusetts Action without converting this Motion to Dismiss into a Motion for Summary Judgment.  *In re Soto*, 221 B.R. 343, 347 (Bankr. E.D. Pa. 1998) (taking judicial notice of pleadings in pre-petition state court action), *citing U.S. ex rel. Geisler v. Walters*, 510 F.2d 887, 890 n.4 (3d Cir. 1975); *Commonwealth v. Brown*, 373 F.2d 771, 778 (3d Cir. 1967); *DiNicola v. DiPaolo*, 945 F. Supp. 848, 855 n.2 (W.D. Pa. 1996); *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017–18 (5th Cir. 1996); *United States v. Wood*, 925 F.2d 1580, 1582 (7th Cir. 1991).

Accordingly, because Starion does not—and cannot—allege that the rights to the Held Funds are undisputed it fails to state a claim for return of the Held Funds under 11 U.S.C. § 542(a), and this Court should dismiss Count III of the First Amended Complaint.

**D.     This Court Should Dismiss Count V Because Starion Does Not Allege That the Transfer in Question Was Made by a Debtor.**

The Court should dismiss Count V of the First Amended Complaint because the complaint does not contain well-pleaded facts sufficient to state a claim for fraudulent transfer upon which relief can be granted.  Count V alleges that the attachment by court order of the Held Funds is a fraudulent transfer avoidable under 11 U.S.C. § 548.  First Amended Complaint, ¶¶ 67–72.  However, Starion has not pleaded—nor can it plead—an essential element of a fraudulent transfer claim.  Specifically, Starion has not pleaded that the transfer in question was made *by a debtor*.  *See* First Amended Complaint, ¶¶ 67–72.

The Third Circuit Court of Appeals has held that the plaintiff "must successfully plead" that the alleged transfer was made by a debtor in order to withstand a motion to dismiss a claim for fraudulent transfer.  *See Crystallex Int'l Corp. v. Petroleos De Venezuela, S.A.*, 879 F.3d 79, 84 (3d Cir. 2018).[5]  The *Crystallex* court found that a claim of fraudulent transfer where the transfer in question was made by a non-debtor subsidiary of the debtor—and not the debtor itself—was insufficient to state a claim upon which relief can be granted.  *See id.*, at 90.  As part

_____

[5] Although the *Crystallex* court addressed a claim made under the Delaware Uniform Fraudulent Transfer Act, or "DUFTA," the *Crystallex* court made clear that "the relevant DUFTA and Bankruptcy Code provisions are nearly identical, and Delaware courts have interpreted and applied them uniformly.  *Compare* 11 U.S.C. § 548 *with* 6 Del. C. §§ 1302–1306."  *Crystallex Int'l Corp.*, 879 F.3d at 85–86.  The *Crystallex* court cited with approval the decision of another court which explained that DUFTA is "virtually a carbon copy of the fraudulent transfer law under the Bankruptcy Code" and "the result under Delaware law should be the same as the outcome under the Bankruptcy Code." *Id.*, at 86, citing to *In re Trace Int'l Holdings, Inc. v. Dow Chemical Co.*, 287 B.R. 98, 105 n.5 (Bankr. S.D.N.Y. 2002).

of its findings, the *Crystallex* court explained that, while a fraudulent transfer claim may cover transfers that are both direct and indirect in nature, the transfer in question "must nonetheless be made 'by a debtor' in order to be cognizable under the statute." *See id.*, at 88–89; *see also In re Plassein Int'l Corp.*, 366 B.R. 318, 326 (Bankr. D. Del. 2007), *aff'd*, 388 B.R. 46 (D. Del. 2008), *aff'd*, 590 F.3d 252 (3d Cir. 2009) ("The Complaint fails to state a claim for avoidance of a fraudulent conveyance because the Trustee does not allege that either Plassein or any other Debtor made any transfers . . .  Since no Debtor made a transfer, there is no legal basis for any fraudulent conveyance claim."); *In re Healthco Int'l. Inc.*, 201 B.R. 19, 22 (Bankr. D. Mass. 1996) ("[F]or a transfer to be avoided as fraudulent it is necessary that the debtor make an actual transfer.").

In its First Amended Complaint, Starion does not allege *any* facts that can reasonably be construed to assert that the transfer was made by the Debtors. *See* First Amended Complaint ¶¶ 67–72.  Instead, Starion alleges that the "Debtors' property was transferred . . . through the Defendants' withholdings of money due and owing to the Debtors." *Id.*, at ¶¶ 23, 71.  The allegation describes a transfer being made by the Defendants, who are non-debtors, in the form of withholding money due to the Debtors. *See id.*  Moreover, the allegations in the First Amended Complaint show that the Debtors "never had the funds to make the transfer." *See In re Healthco Int'l Inc.*, 201 B.R. at 22.  At various points in the First Amendment Complaint, Starion requests access to the Held Funds (¶ 33); describes how the order attaching the Held Funds "prevented Starion from receiving the relevant revenues" (¶ 38); and explains that "[a]t the behest of the Commonwealth, Defendants Eversource and National Grid have retained . . . assets of Debtors." (¶ 43).  At no point does Starion allege that the transfer—in the form of the withholding of funds—was made by a debtor, either directly or indirectly.  Indeed, Starion's

complaint pleads facts detailing the various arguments made by Starion as part of its attempt to prevent the attachment of funds by the state court.  *See* First Amended Complaint, ¶¶ 34–36 (presenting several of Starion's substantive and procedural defenses to the Massachusetts enforcement action).

Because Starion fails to allege facts that show a transfer was made by a debtor, this Court should dismiss Count V of the First Amended Complaint for failure to state a claim upon which relief can be granted.  *See Crystallex Int'l Corp.*, 879 F.3d at 91; *In re Plassein Int'l Corp.*, 366 B.R. at 326.

> **E.     This Court Should Dismiss Plaintiffs Starion Energy NY Inc.'s and Starion Energy PA Inc.'s Claims Because They Are Not Parties to the Massachusetts Action and Not Have Had Any Interest in Property Attached Due to the Massachusetts Action.**

This Court should also dismiss plaintiffs Starion Energy NY Inc. and Starion Energy PA Inc.'s claims from this adversary proceeding.  The First Amended Complaint appears to allege that the Commonwealth sued and sought attachment of the funds otherwise due to all there Starion entities.  However, in fact, the pleadings in the Massachusetts Action make clear that the Commonwealth sued Starion Inc. only, the Commonwealth sought attachment of the funds of Starion Inc. only, and that the Massachusetts Superior Court attached the funds of Starion Inc. only.  *See* First Amended Complaint [ 18-12608-MFW, Dkt. No. 20-1 ]; Decision on Commonwealth's Motions for Attachment on Trustee Process and for Preliminary Injunction [ 18-12608-MF2, Dkt No. 20-2 ]; *see also* Massachusetts Court Action Orders [ 18-12608-MFW, Dkt. Nos. 68-15, 68-17 ].  The Court may take judicial notice of these pleadings on a motion to dismiss.  *See In re Soto*, 221 B.R. at 347 (taking judicial notice of pleadings in pre-petition state court action on a motion to dismiss); *see, e.g., Tellabs, Inc. v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322 (2007) (holding that the court may, on a motion to dismiss, consider matters on

- 14 -

which a court may ordinarily take judicial notice); *In re RNI Wind Down Corp.*, 2008 WL 4326483, at *2 (D. Del. 2008) (granting judicial notice of pleadings and orders filed in a related matter in another court). The Commonwealth's attachment of the Held Funds forms the basis of each of the eight counts of Starion's complaint, and because the Commonwealth did not attach any funds of Starion Energy NY Inc. and Starion Energy PA Inc., those two entities' claims under those counts fail as a matter of law. *See* First Amended Complaint, at ¶¶ 40–88. Moreover, having suffered no injury, Starion Energy NY Inc. and Starion Energy PA Inc. do not have standing to bring an adversary complaint against the Defendants. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). This Court should therefore dismiss Starion Energy NY Inc. and Starion Energy PA's claims in the adversary proceeding.

## III.    CONCLUSION

Accordingly, for the foregoing reasons, the Commonwealth respectfully requests that this Court dismiss Counts I, II, III, and V of Starion's adversary complaint in their entirety and the remaining four counts—Counts IV, VI, VII, and VIII—as to Starion NY Inc. and Starion PA Inc.

COMMONWEALTH OF MASSACHUSETTS

MAURA HEALEY
ATTORNEY GENERAL

By:    /s/ *Nathan C. Forster*
        Nathan C. Forster, BBO #666435
        Elizabeth A. Anderson, BBO #688135
        Alexander M. Early, BBO #691028
        Assistant Attorneys General
        Energy and Environment Bureau
        Energy and Telecommunications Division
        Office of the Attorney General
        One Ashburton Place
        Boston, MA 02108
        (617) 727-2200
        Nathan.Forster@state.ma.us
        Elizabeth.A.Anderson@state.ma.us
        Alexander.Early@state.ma.us

Dated:  May 8, 2019