## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| _____ )<br>In re: )<br> )<br>STARION ENERGY, INC., *et al.*, [1] )<br> )<br>Debtors. )<br>_____ )<br> )<br>STARION ENERGY, INC., *et al.*, )<br> )<br>Plaintiffs )<br> )<br>vs. )<br> )<br>THE COMMONWEALTH OF )<br>MASSACHUSETTS, MASSACHUSETTS )<br>ELECTRIC COMPANY D/B/A/ NATIONAL )<br>GRID, and NSTAR ELECTRIC COMPANY )<br>D/B/A EVERSOURCE ENERGY )<br> )<br>Defendants )<br>_____ ) | Chapter 11<br><br>Case No. 18-12608-MFW<br>(Jointly Administered)<br><br><br><br><br><br><br>Adversary Case No. 18-50932-MFW |

## DEBTORS' MEMORANDUM IN OPPOSITION TO THE
## UTILITIES' MOTION TO DISMISS

Starion Energy, Inc., Starion Energy NY Inc., and Starion Energy PA Inc. (collectively,

"Starion") hereby submits its memorandum of law in opposition to NStar Electric Company d/b/a

Eversource Energy ("Eversource") and Massachusetts Electric Company d/b/a National Grid's

("National Grid")(collectively, the "Utilities") Motion to Dismiss the First Amended Complaint

(the "Motion"). As discussed below, the Utilities' Motion should be denied because the First

---

[1] The Debtors and the last four digits of their respective tax identification numbers are: Starion Energy Inc. (0943); Starion Energy NY Inc. (4319); Starion Energy PA Inc. (1201). The Debtors' corporate headquarters is located at, and the mailing address for each Debtor is, 751 Straits Turnpike, Suite 2000, Middlebury CT 06762, Attn: Alexandrea Isaac, Esq.

Amended Complaint sufficiently pleads facts supporting the claims such that dismissal is inappropriate.

Additionally, to the extent the law of the case doctrine is asserted by the Utilities, the doctrine is inapplicable because this Court's ruling regarding the automatic stay was in regard to the police and regulatory powers exception, and as more recently admitted by the Attorney General's Office to the Massachusetts state court, the Commonwealth's claims are based in tort. Further, Counts I and II sufficiently plead facially plausible facts to withstand dismissal.  Count III properly alleges a claim for injunctive relief because it is a clear request for the Court's exercise of equitable powers in order to stay the State Court Action and to enjoin the withholding of Starion's assets.  Count IV withstands sufficiency analysis because the Complaint clearly alleges facts supporting a preference claim.  Count V properly states a claim for fraudulent transfer because, among other things, property of Starion was transferred and Starion did not receive reasonably equivalent value and became insolvent as a result of the transfer.  The Complaint has properly pled preferential transfers and fraudulent transfers under Section 547 and 548 of the Bankruptcy Code, and as such, Count VI is proper.  Finally, because the Utilities do not assert a lien on the Held Funds or claim entitlement to the Held Funds, the relief sought by this Count as to the Utilities has already been achieved.  Accordingly, the Utilities' Motion should be denied pursuant to the arguments asserted below.

## I.    FACTUAL BACKGROUND AND PROCEDURAL POSTURE

On October 15, 2018, the Commonwealth filed suit against Starion and others in the Superior Court of Massachusetts, Civil Action No. 18-3199H (the "State Court Action"), alleging unfair or deceptive acts or practices in violation of G.L. c. 93A consumer protections act, breach of the covenant of good faith and fair dealing, and violation of the Massachusetts Telemarketing

Solicitation Act. Contemporaneously with the filing of its complaint, the Commonwealth filed an Emergency Motion for Attachment on Trustee Process to attach assets of Starion held by the Utilities, and an Emergency Motion for Preliminary Injunction. The intent of the motions was to attach amounts due to Starion that are generated with the Utilities in the ordinary course of Massachusetts's purchase of receivables program. In total, the Commonwealth sought to secure the unsubstantiated and debilitating amount of $30.6 million through its two Motions. Ultimately, the Superior Court granted the Commonwealth's Motions in part and temporarily ordered the attachment of certain funds.

In order to ensure that it would be able to continue to operate its business, pay its employees, provide energy to its customers, and to pay its bills, Starion filed for bankruptcy on November 14, 2018. Starion also commenced an adversary proceeding against the Commonwealth and the Utilities seeking relief from the automatic stay, injunctive relief under section 105(a) of the Bankruptcy Code, and injunctive relief under section 542(a) of the Bankruptcy Code. Complaint [Case No. 18-50932, Dkt. No. 1].

On November 15, 2018, the Commonwealth filed its Motion to Confirm Termination or Absence of Stay ("Motion for Determination") seeking a determination that the police and regulatory power exception to the automatic stay applied to the State Court Action. [Case No. 18-12608, Dkt. No. 20]. A hearing was held on Starion's Motion for Temporary Restraining Order and the Commonwealth's Motion for Determination on November 16, 2018. On November 20, 2019, the Court ordered the Utilities to continue to hold pre-petition Held Funds amounting to approximately $4 million and allowed the State Court Action to proceed to final judgment, but that any effort to attach additional property was stayed. TRO Order [Case No. 18-50932, Dkt. No. 7].

On January 9, 2019, Starion filed the First Amended Complaint preserving its original three counts from the Complaint, and asserting additional counts, including Count V for Avoidance of Fraudulent Transfers Under Section 548 of the Bankruptcy Code. First Amended Complaint [Case No. 18-50932, Dkt. No. 17]. On June 3, 2019, the Utilities moved to dismiss the claims against them asserted in Starion's First Amended Complaint in their entirety. Motion to Dismiss [Case No. 18-50932, Dkt. No. 30]. This is Starion's Memorandum of Law in Opposition to the Utilities' Motion to Dismiss.

## II.    ARGUMENT

### a.   Standard of Review

A motion to dismiss tests the sufficiency of the factual allegations contained in the plaintiff's complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). All well-pleaded facts must be accepted as true, but the reviewing court may disregard any legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). In order to survive a motion to dismiss, complaints must set forth "sufficient factual matter to show that the claim is facially plausible." *Fowler*, 578 F.3d at 210. To be considered facially plausible, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This is a context-specific analysis that "requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

### b.   Count I – Violation of Section 362(a) of the Bankruptcy Code

Starion is cognizant of the fact that the Utilities were caught in the crossfire of litigation between the Commonwealth and Starion, and their continued possession of the Held Funds is in adherence to an order of this Court. However, the reality remains that the Utilities continue to

3

exercise control over property of the Debtors, admittedly at the behest of the Commonwealth.  As such, and as clearly articulated in facts alleged in the Complaint, by holding these funds, the Utilities are currently exercising possession and control over property of the Debtors' estate in violation of Section 362 of the Bankruptcy Code.

The Utilities actions in regard to the Held Funds are directly contingent upon the success of failure of the Commonwealth's State Court Claims, and as such are necessarily tied to those claims. To the extent the law of the case doctrine is asserted by the Utilities as it was by the Commonwealth in its Motion to Dismiss, Count I is not barred by prior decisions of this Court.  The Court previously decided that the State Court Action could temporarily proceed pursuant to 28 U.S.C. § 362(b)(4), the police and regulatory powers exception to the automatic stay.  Order Granting Plaintiffs' Motion for Temporary Restraining Order, at ¶ 3 [Case No. 18-50932, Dkt. No. 7].  Thus, the stay relief was granted as to the Commonwealth's police and regulatory powers-based claims, but not as to its tort claims. Further, the purpose of the effective attachment of the Held Funds was, in essence, to ensure that the Commonwealth could recover damages should judgement be granted in its favor, the Commonwealth citing unsubstantiated concerns that Starion would leave the Commonwealth in an effort to avoid judgment.  As such, the basis for the attachment is groundless.

As described above, in order to survive a motion to dismiss, the Complaint need only set forth sufficient facts to demonstrate that the claim is facially plausible. *Fowler*, 578 F.3d at 210.  Count I of the First Amended Complaint clearly meets or exceeds this low threshold.  Section 362(a) of the Bankruptcy Code operates as a stay, "applicable to all entities," of, *inter alia*, (i) "the commencement or continuation… of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the

case under this title;" and (ii) "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a).

The First Amended Complaint clearly alleges that the Utilities are possessing and exercising control over property of the Debtors' estate in violation of Section 362 of the Bankruptcy Code. First Amended Complaint, ¶¶ 40-44.   Taking the factual allegations as true, Count I clearly withstands sufficiency analysis under Fed. R. Civ. P. 12(b)(6).

### c. Counts II & III – Injunctive Relief Under Sections 105(a) & 542(a) of the Bankruptcy Code

Section 105(a) of the Bankruptcy Code, the statutory predicate upon which Count II is based, "supplements courts' specifically enumerated bankruptcy powers by authorizing orders necessary or appropriate to carry out provisions of the Bankruptcy Code." *In re Continental Airlines*, 203 F.3d 203, 211 (3d Cir. 2000).   Section 105(a) provides the court with general equitable powers and enables courts to fashion orders in furtherance of Bankruptcy Code provisions. *See In re Morristown & Erie Railroad Co.*, 885 F.2d 98, 100 (3d Cir. 1990); *Joubert v. ABN Mortg. Group, Inc. (In re Joubert)*, 411 F.3d 452, 455 (3d Cir. 2005).   Section 542(a) requires the turnover of estate property.

Counts II and III seek injunctive relief in order to stay the State Court Action and to enjoin and restrain the Defendants from withholding Starion's assets, and a turnover of the withheld funds to Starion.  As discussed *supra*, this Court decided the issue of the automatic stay as to the police and regulatory powers-based claims in the State Court Action, but not as to the tort claims.  As such, the law of the case doctrine is inapplicable to the extent it is asserted by the Utilities.  Further, Count II withstands scrutiny under dismissal standards because it is a clear request for the Court's exercise of equitable powers in order to stay the State Court Action and to enjoin the withholding of Starion's assets, and as such, is an appropriate claim to bring pursuant to Section 105(a) as well

5

as 362(a).  *See, e.g.*, *Union Trust Phila., LLC v. Singer Equip. Co. (In re Union Trust Phila., LLC)*, 460 B.R. 644, 658 (E.D. Pa. 2011) ("Section 105(a) gives courts the authority to issue injunctions to effectuate the purposes of the automatic stay under § 362(a).").  Further, Count II appropriately alleges facts sufficient to support injunctive relief as it alleges a likelihood of success on the merits, that Starion will suffer irreparable harm absent injunctive relief, the injunction will not cause substantial harm to Defendants, and that public policy does not weigh against an injunction. *See* First Amended Complaint, ¶¶ 45-51.

Likewise, Count III properly states a claim pursuant to Section 542(a) of the Bankruptcy Code for injunctive relief, namely turnover of the assets of the estate.  Section 541(a) of the Bankruptcy Code defines "property of the estate" to include, among other things, "all legal or equitable interests of the debtor in property as of the commencement of the case … wherever located and by whomever held," including interest in property acquired after the commencement of the case. 11 U.S.C. § 541(a)(1), (7).  The Held Funds are, undeniably, the undisputed property of Starion.  Admittedly, the Utilities' control over the Held Funds is courtesy of a temporary court order; the Held Funds are in effect in "limbo" until a final judgment is made in the State Court Action and Starion's bankruptcy proceeding has concluded.  However, the reality remains that a party other than Starion holds property of the estate, and as clearly asserted in the Complaint, should be turned over.  Accordingly, for the reasons set forth above, Count III properly asserts a claim for turnover.

### d.  Count IV – Avoidance of Preferential Transfers Under Section 547 of the Bankruptcy Code

The basic elements of the preference are properly plead, undisputed, and readily met such that a preference exists.  In order to make a preference voidable, six elements must be established, "(1) a transfer is made; (2) on account of antecedent debt; (3) to or for the benefit of the creditor;

(4) while the debtor was insolvent; (5) within 90 days of the filing of the petition; (6) that left the creditor better off than it would have been if the transfer had not been made and it had asserted its claim in a chapter 7 liquidation." *Stanziale v. Indus. Specialists Inc. (In re Conex Hldgs., LLC)*, 522 B.R. 480, 484 (Bankr. D. Del. 2014); 11 U.S.C. § 547(b).  Pursuant to 11 U.S.C. § 547(b), the Held Funds constitute a preference because they were transferred for the benefit of the Defendants, for or on account of antecedent debt (the State Court's injunction for prejudgment damages for alleged deceptive trade practices violations), made while Starion was insolvent, within 90 days before the Petition Date, and leaves the Utilities better off than if the transfer had not been made because the Utilities, as they admit, are not entitled to retain the Held Funds and are obligated to turn them over to Starion as credits in the ordinary course absent the existing court orders.  As such, Count IV meets its burden of pleading and properly asserts a claim for a preferential transfer.

### e.  Count V – Avoidance of Fraudulent Transfers Under Section 548 of the Bankruptcy Code

As conceded above, Starion understands that the Utilities are following an order of this Court by their continued possession of the Held Funds.  However, the fact remains that estate property is being held outside of the bankruptcy process and that a transfer was made of such property. As discussed *supra*, the Held Funds are indisputably the property of Starion.  No other entity may claim title, and the fact that temporarily Starion lacks access to a portion of the Held Funds due to a preliminary order does not change the fact that a transfer was made of a debtor's property in the manner described in section 548 of the Bankruptcy Code.

The reality of the matter is that the property of Starion was transferred and Starion did not receive reasonably equivalent value and became insolvent as a result of the transfer.  Essentially, a fraudulent transfer is "any act that has the effect of improperly placing assets beyond the reach of creditors." *Stratton v. Vita Bella Gp. Homes, Inc. (In re Bellardita)*, 2008 WL 4296554, at *14

(Bankr. E.D. Cal. Sep. 19, 2008) (citing 4 ALAN N. RESNICK & HENRY J. SOMMER EDS., COLLIER ON BANKRUPTCY ¶ 548.01 (15th ed., rev. 2007).  That is precisely what has occurred in regard to the Held Funds; the Held Funds are beyond the reach of creditors for no other reason than to potentially benefit the Commonwealth should it receive a money judgment against Starion.  For this reason, the transfer of the Held Funds is void.  The facts contained within the First Amended Complaint sufficiently plead the requirements for a fraudulent transfer claim, and as such, is properly plead.

### f.   Count VI – Recovery of Property Under Section 550 of the Bankruptcy Code

For the reasons described *supra*, Section II subparts d and e, the Complaint has properly pled preferential transfers and fraudulent transfers under Section 547 and 548 of the Bankruptcy Code, and as such, the transfers should be recovered by Starion.

### g.   Count VIII – Determination of Secured Status Under Section 506 of the Bankruptcy Code

The Utilities assert that they do not claim any lien on the Held Funds and do not claim entitlement to the Held Funds.  As such, the relief sought in Count VIII as to the Utilities has already been achieved.

### III.   CONCLUSION

For the foregoing reasons, it is apparent that the claims set forth in the First Amended Complaint are properly plead, and as such, Starion respectfully requests that this Court deny the Utilities' Motion to Dismiss.

*(Signature page to follow)*

Dated: July 1, 2019          GELLERT SCALI BUSENKELL & BROWN, LLC
      Wilmington, Delaware

                        */s/ Sarah M. Ennis*_____
                        Michael Busenkell (No. 3933)
                        Ronald S. Gellert (No. 4259)
                        Sarah M. Ennis (No. 5745)
                        1201 N. Orange St., Ste. 300
                        Wilmington, Delaware 19801
                        Phone: (302) 425-5806
                        Facsimile: (302) 425-5814
                        Email:  mbusenkell@gsbblaw.com
                                      rgellert@gsbblaw.com
                                      sennis@gsbblaw.com

                        *Attorneys for Starion Energy, Inc. Debtors and Debtors-in-Possession*